AO 91 (Rev. 02/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| PAEZ, Lucas | ) | Case No. |
| xxx-xx-0154 | ) | 18mj2574 |
| | ) | |
| Defendant | | |

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
AUG 08 2018

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  08/08/2018  in the county of  Bernalillo  in the _____ District of  New Mexico , the defendant violated  Title 18  U. S. C. §  922(g)(1) , an offense described as follows:

On 08/07/2018, Lucas PAEZ, conspired with and delivered narcotics to Mark WENTWORTH to distribute two (2) pounds of methamphetamine to an ATF undercover agent. In violation of Title 21 USC 841(a)(1), Title 21 USC 846, and Title 18 U.S.C. 2.

This criminal complaint is based on these facts:
See Attached

☑ Continued on the attached sheet.

_____
Complainant's signature

Derek Wright, Special Agent, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date:  08/08/2018

_____
Judge's signature

**KAREN B. MOLZEN**
**U.S. MAGISTRATE JUDGE**
Printed name and title

City and state:  Albuquerque, New Mexico

Criminal Complaint - Continued.

United States of America
        V.
PAEZ, Lucas
SSN: 0154

1. I, Derek Wright , a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, deposes and states:

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF).  Beginning in August of 2016, I attended a 26-week ATF academy in Glynco, Georgia that certified me as an ATF Special Agent.

3. As a Special Agent with the ATF and my prior experience as a law enforcement officer, I have conducted physical surveillance, interviewed sources of information and defendants, served search warrants and arrest warrants, investigated firearms and drug trafficking, and assisted on undercover firearms and narcotic investigations.  Further, I have testified in judicial proceedings in federal court involving prosecutions relating to violations of federal laws.

4. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for the offenses enumerated in Title 18 and 26, United States Code.

5. The statements contained in this affidavit are based, in part, on information provided by Special Agents and Task Force Officers of the ATF and other law enforcement officers; on conversations held with police officers; and on my background and experience as a Task Force Officer of the ATF.

6. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

7. On August 7, 2018, Special Agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) conducted an undercover operation to purchase narcotics from Lucas PAEZ.

7. SA King had conversation with Lucas PAEZ throughout the day via phone and text conversations. Lucas PAEZ explained to SA King that they would meet the evening of August 7, 2018, at approximately 1830 hours.

8. Previous conversation between Lucas PAEZ and SA King would purchase approximately two (2) pounds of methamphetamine from Lucas PAEZ was determined that the purchase of narcotics would be completed in Albuquerque, NM. For a cost of $ 5,500.00 a pound and SA King would also pay Lucas PAEZ $ 4,200.00 for payment owed from a previous narcotics purchase SA King had made.

9. SA King contacted Lucas PAEZ via telephone and they agreed to meet at the Star Brewery located at 5700 San Antonio Dr. NE, Albuquerque, NM 87109. Upon completion of the conversation at the Star Brewery, Sa King and Lucas PAEZ separated from each other. Lucas PAEZ told SA King that he would have someone else drop off the narcotics to him.

10. SA King returned to the La Quinta hotel in room 126 where he awaited the arrival of Lucas PAEZ's drug runner. SA King began to receive phone calls from one of Lucas PAEZ's cellphones that SA King had previously spoken to Lucas PAEZ on. The individual that was speaking with SA King after the meeting with Lucas PAEZ, identified himself as Mark, later identified as Mark WESTWORTH who was driving a silver car. Mark WENTWORTH arrived at the La Quinta Inn at approximately 2200 hours on August 7, 2018.

11. Mark WENTWORTH arrived at the motel in a silver Chevrolet Malibu bearing New Mexico plate 951SYF and went to SA King's room (126) where they met and had conversation about the methamphetamine, how it was packaged and future narcotics transactions. Upon completion of the purchase of the two (2) pounds of methamphetamine, Mark WENTWORTH left room 126 and was immediately confronted by law enforcement who advised that they were police and for Mark WENTWORTH to lay on the ground. Mark WENTWORTH immediately began to flee on foot north but only made it a short distance before being apprehended by ATF agents arrested in the parking lot of the motel.

12. When Mark WENTWORTH was arrested he was in possession of two (2) firearms one in an ankle holster being a Ruger, model LCP, .380 ACP caliber pistol bearing serial number 372088295 and another firearm tucked into Mark WENTWORTH's waistband on his right rear hip being a Smith and Wesson, model M&P Shield, .40 caliber bearing serial number HSE3710.

13. The narcotics, which were purchased by SA King from Mark WENTWORTH, were field tested and tested positive for methamphetamine. The methamphetamine weighed 965 grams.

14. SA Wright spoke with Det. A. Montoya from the Albuquerque Police Department who was assisting on the investigation and he explained that while he was doing surveillance on Lucas PAEZ after the meeting at the Star Brewery, the last vehicle Lucas PAEZ met with was the silver Chevrolet Malibu that Mark WENTWORTH arrived in.

15. Surveillance units lost sight of Lucas PAEZ around the time of the arrest of Mark WENTWORTH and began to travel towards the La Quinta motel where the arrest was taking place. While the arrest was being conducted on the north side of the motel Detectives from the Albuquerque Police Department and DEA observed a dark in color Chevrolet Silverado truck that was similar to the one Lucas PAEZ had been driving in all day. Detectives followed the vehicle and affirmed that Lucas PAEZ was driving. Albuquerque Police Detectives conducted a high-risk traffic stop on Lucas PAEZ and took him into custody.

16. Mark WENTWORTH was advised of his Miranda rights. He was interviewed at the La Quinta motel, and admitted to ATF Special Agent Rutland that he (WENTWORTH) was in possession of the two (2) firearms to protect the narcotics and himself.

17. Lucas PAEZ was advised of his Miranda rights, interviewed at the La Quinta motel, and admitted to ATF Special Agent Arnold that he (PAEZ) had received the narcotics from his source of supply and he (PAEZ) supplied the narcotics to Mark WENTWORTH on August 7, 2018, prior to Mark WENTWORTH meeting with SA King.

18. SA Wright conducted a criminal history query on Lucas PAEZ and found two (2) previous felony convictions in cause numbers D-202-CR-200604479 for the charge of Fraudulent use of a Credit Card (Without Consent) out of the Second Judicial District Court, County of Bernalillo, State of New Mexico. Lucas PAEZ second conviction is in cause number 10-cr-2602 for the charge of Trafficking Narcotics out of the United States District Court for the District of New Mexico.

19. SA Wright opines there is probable cause to believe that Lucas PAEZ did violate Title 21 U.S.C. 841(a)(1) knowingly distributing a controlled substance, Title 21 U.S.C. 846 conspiracy to distribute a controlled substance, and 18 U.S.C. 2 aiding and abetting

Respectfully submitted,

Derek Wright
Special Agent
ATF

Subscribed and sworn to before me
on August 8, 2018:

UNITED STATES MAGISTRATE JUDGE